UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DARRYL A. ROBINSON, )
a/k/a Hamzah Rafi Farid, )
)
      Plaintiff, ) Case No. 1:05-cv-251
)
v. ) Honorable David W. McKeague
)
(UNKNOWN) LIVINGSTON et al., )
)
      Defendants. )
_____)

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies, the Court will dismiss his complaint without prejudice.

### Discussion

    I.    Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) and housed at Southern Michigan Correctional Facility, though the actions he complains of took place while he was housed at the Bellamy Creek Correctional Facility (IBC), the Earnest C. Brooks Correctional Facility (LRF), the West Shoreline Correctional Facility (MTF) and the Gus

Harrison Correctional Facility (ARF). In his *pro se* complaint, he sues MDOC Director Patricia Caruso; IBC Lieutenant (Unknown) Livingston and Captain (Unknown) Dwyer; former ARF Warden K. Romanowski; and LRF or MTF employees (Unknown) Anderson and (Unknown) "Ms. G"; and Peter Lark, Chairman of the Public Service Commission.

Plaintiff's complaint is largely incomprehensible. He appears to allege that various persons are aware that he is hearing voices; that Defendants have permitted others to misrepresent that they are family members and to request Plaintiff's transfer; that he has been illegally transferred by both Defendants and non-Defendants; that an illegal SPON (Special Problem Offender Notice) has been placed in his file; that he has been denied access to the courts; that his legal mail has been confiscated; and that a non-Defendant has placed a contract on his life.

For relief, Plaintiff requests $20 billion in damages and an injunction ordering him transferred back to the E.C. Brooks Correctional Facility.

II. Lack of exhaustion of available administrative remedies

Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies.[1] Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district

---

[1] It is unclear from the complaint whether any of the allegations are sufficient to state a federal constitutional claim under 42 U.S.C. § 1983. Because Plaintiff has failed adequately to exhaust his administrative remedies, the Court need not determine the sufficiency of his substantive allegations.

- 2 -

court must enforce the exhaustion requirement *sua sponte. Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[2] *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). In addition, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").

Plaintiff's claims, to the extent they are decipherable, all involve the conditions of his confinement and are the types of claims that may be grieved through the three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective 4/28/03). While Plaintiff alleges that he filed two grievances at LRF and another at ARF, Plaintiff did not pursue the grievances through all levels of review. Instead, he filed his complaint before receiving

---

[2]To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. LCIVR 5.6(a). Plaintiff has used the form complaint in this action.

a response at Step II and he did not seek review at Step III. A plaintiff must pursue all levels of the administrative procedure before filing an action in federal court. *See Freeman*, 196 F.3d 641, 645 (6th Cir. 1999) ("While we recognize that plaintiff made some attempt to go through the prison's grievance procedures, we must dismiss plaintiff's complaint because he filed his federal complaint before allowing the administrative process to be completed."); *Brown*, 139 F.3d at 1103 (6th Cir. 1998) (prisoners "must allege and show that they have exhausted all available state administrative remedies"); *accord Lutchey v. Wiley*, No. 98-3760, 1999 WL 645951, at *1 (6th Cir. Aug. 13, 1999) (dismissal of claim for lack of exhaustion was appropriate where prisoners failed to complete the review process before bringing their lawsuit); *Larkins v. Wilkinson*, No. 97-4183, 1998 WL 898870, at *1 (6th Cir. Dec. 17, 1998) ("Furthermore, even though Larkins may not have aborted the grievance procedure regarding the ninth cause of action raised in his complaint, such grievance was not resolved prior to the filing of either his complaint or amended complaint and, consequently, is unexhausted."); *Tucker v. McAninch*, No. 97-3880, 1998 WL 552940, at *2 (6th Cir. Aug. 13, 1998) (plaintiff failed to complete the administrative process when he had grieved and appealed to the warden, but had one more appeal remaining to the director of the department). Moreover, the MDOC Grievance Policy provides that if a prisoner chooses to pursue a grievance that has not been responded to within the required time frame, the prisoner may forward the grievance to the next step of the grievance process within **ten** days after the response deadline expired. MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ U (effective 4/28/03). Plaintiff alleges that he filed Step II grievances on February 10, 14 and 22, 2005, in the various grievance proceedings. However, Plaintiff did not attempt to proceed to Step III, but instead filed his complaint in federal court.

Plaintiff also fails to identify which Defendants he named and which specific issues he raised in his administrative grievances. As previously noted, the issues Plaintiff may raise and the defendants he may name in his lawsuit are limited to those he identified in his grievances. *See Curry*, 249 F.3d at 505; *Thomas*, 337 F.3d at 733-34. Accordingly, the Court finds that Plaintiff has failed to demonstrate exhaustion of available administrative remedies.

It is not clear whether Plaintiff may still grieve his claims. Under the policy of the prison, complaints must be resolved expeditiously, and complaints may be rejected as untimely. *See* Policy Directive 03.02.130, ¶ G(4). The Sixth Circuit held that an inmate cannot simply claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997)). However, even if the MDOC considers a subsequent grievance to be untimely, a prisoner who has presented a grievance through one complete round of the prison process will nevertheless be deemed to have exhausted available administrative remedies as required by 42 U.S.C. § 1997e(a). *See Thomas*, 337 F.3d at 733.

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright*, 111 F.3d at 417. Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Smeltzer v. Hook*, 235 F. Supp. 2d 736, 746 (W.D. Mich.

2002) (citing *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997)). Accordingly, the Court will dismiss his action without prejudice.

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.


Dated: June 6, 2005                     /s/   David W. McKeague
                                        David W. McKeague
                                        United States District Judge